## Commonwealth v. Helmuth

*A. Grant Walker*, for Commonwealth.

*Thomas W. Barber* and *Gerald J. Weber*, for appellant.

EVANS, P. J., July 18, 1949.—This is an appeal from a conviction before a justice of the peace for violation of Zoning Ordinance No. 75 of the Township of Lawrence Park.

Stipulation has been filed to the effect that defendant has continuously operated a trailer camp in the township from the year 1940 until the present time, and has installed therein all the conveniences of a modern trailer camp. The trailers were used as living quarters by the occupants who entered or left the premises at such times as they determined.

On February 4, 1947, the township passed Ordinance No. 75 in which the land on which the trailer camp was situated was classified for use as residential and business, and inter alia provided that the minimum lot area per family for a one-family dwelling is 2,400 square feet. On July 1, 1948, Ordinance No. 82 was passed by the township providing for and regulating the use of inhabited trailers or other movable structures upon lands in the township and requiring a permit therefor. Subsequent to February 4, 1947, defendant allowed trailers then on the premises to be removed therefrom and other trailers to be placed on the space which had been vacated. Defendant offered to purchase a permit for the newly installed trailers under Ordinance No. 82 but the township refused to issue such permit unless the land for each trailer had a minimum area of 2,400 square feet. It is further stipulated that this minimum amount of land was not allocated for each trailer and that the actual space occupied by those trailers which came upon the land subsequent to the passage of Ordinance No. 75 is less than required by the ordinance.

The question for our determination is whether or not Zoning Ordinance No. 75 applies to defendant's trailer camp inasmuch as it was in existence at the time the zoning ordinance became effective. A house trailer is simply a mobile house: Lower Merion Township v. Gallup, 158 Pa. Superior Ct. 572. In our opinion the calling of this particular piece of land a "trailer camp" in no way distinguishes it from land of similar size which might be devoted to permanent homes.

The power of municipalities to designate districts wherein certain kinds of dwellings, businesses or types of construction, are permissible is sustained by the courts under police power which has for its purpose the protection of health and safety of the citizenry as a whole. Ordinances may require that replacement of existing structures or major alterations or improvements to old structures must be of a designated type of construction. That buildings may not be erected within a certain distance from street lines has been construed as a proper requirement under police power. Nonconformity to new requirements designated in a zoning ordinance is usually permitted in such ordinance, and such was here the case, because of the great expense and inconvenience to the property owner which would follow a requirement of immediate conformity in existing structures. The ultimate purpose of zoning regulations is, however, that all conditions within designated areas be reduced to conformity as speedily as possible. If we were to consider the practice of moving trailer homes on and off at will as a right existing under previous practice we could not, with justification, prevent anyone who owns a plot of land within the zoned area from adding additional dwelling houses contrary to the provisions of the ordinance with reference to the minimum amount of space which must be allowed for each new family unit. In Commonwealth of Pennsylvania v. Campbell, 29 Erie 113, this court held that the requirement of a minimum amount of space which must be allocated for each new family unit is a proper and enforceable regulation. Under Ordinance No. 82, above referred to, defendant has the right to a trailer permit for the property in question but to secure that permit for a family dwelling he must allot for said unit the amount of land designated in the zoning ordinance.

In our opinion defendant, under the stipulated facts, is guilty of the violation of an enforceable ordinance

and the judgment of the justice of the peace must be affirmed.

Now, to wit, July 18, 1949, the judgment of John F. Nuss, justice of the peace, is affirmed and it is ordered that the defendant pay the fine levied in the amount of $10 and costs, together with the costs of this appeal.